UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEE O. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV708 RWS |
| | ) | |
| JOHN E. POTTER, | ) | |
| Postmaster General, United States Postal Service, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Dee O. Johnson alleges in his complaint that he has been subjected to employment discrimination by his former employer the United States Postal Service. The undisputed evidence shows that Johnson failed to exhaust his administrative remedies before he filed this lawsuit. Defendant John Potter, Postmaster General, United States Postal Service (the "Postal Service") has filed a motion to dismiss, and in the alternative, a motion for summary judgment. Because Johnson failed to exhaust his administrative remedies prior to filing suit I will grant Potter's motion for summary judgment.

*Background*

Plaintiff Dee O. Johnson was an employee of the Postal Service for seventeen years. He states in his complaint that his employment was terminated for allegedly harassing a co-worker. Neither the complaint nor the record is clear on the date of his termination but he appears to have been fired in mid-August of 2003. On April 11, 2007, Johnson filed the present complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e *et seq.* based on his "age, gender, race, 5-point veteran status, disabilities as well as retaliation." Defendant Potter has moved to dismiss this case, or in the alternative seeks summary judgment, based on Potter's failure to exhaust his administrative remedies before filing this suit. On August 24, 2007, I ordered Johnson to respond to Potter's motion no later than September 20, 2007. Johnson never filed a response.

### *Legal Standard*

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a district court must accept as true all factual allegations in the complaint and view them in the light most favorable to the nonmovant. Fed. R. Civ. P. (12)(b)(6); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Unlike state courts which often require detailed statements of fact in a petition, the federal rules require only notice pleading. Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Erickson, 127 S. Ct. at 2200. However, '[e]ven the liberal standards of notice pleading require some factual allegations that state a cause of action and put a party on notice of the claim against it." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 699 (8th Cir. 2003). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any ...." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

***Discussion***

*Motion to dismiss*

Defendant Potter has moved, under Fed. R. Civ. P. 12(b)(6) to dismiss Johnson's discrimination claims based on age, veteran status, and disability for two reasons: (1) Johnson's complaint fails to allege any facts which would entitle him to relief in that he fails to identify his age, veteran status or disability; and (2) Johnson has brought these claims under Title VII which does not provide relief for these claims.

Although the federal rules only require notice pleading, a plaintiff must assert more that conclusory allegations. A complaint must assert "some factual allegations that state a cause of

action" which would entitle a plaintiff to relief. Mattes, 323 F.3d at 699; Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 - 65 (2007)("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do... [f]actual allegations must be enough to raise a right to relief above the speculative level.")(internal citations and quotations omitted)). A complaint must state enough facts to state a claim to relief that is plausible on its face. Id. at 1974.

Johnson's failure to assert his age, disability, or veteran's status leaves to speculation the factual basis for his requested relief and, as a result, these claims will be dismissed from the case.

Moreover, the protections of Title VII do not encompass claims of discrimination based age, disability or veteran's status. Because Johnson's asserts these claims solely under Title VII they will be dismissed because Title VII does not provide a grounds for relief.[1]

*Motion for Summary Judgment*

Potter seeks summary judgment on Johnson's Title VII claim for race, gender, and retaliation discrimination based on Johnson's failure to exhaust his administrative remedies. In addition, Potter asserts that even if Johnson's age and disability claims are liberally construed to be bought under the ADEA and the Rehabilitation Act, respectively, these claims should be dismissed for failure to exhaust administrative remedies.

Prior to filing an employment action against a federal agency in a district court a

---

[1] In addition, Johnson's failure to state the basis of his veteran's status claim requires dismissal because the basis of the claim, the statute upon which it relies, and the relief sought is left to pure speculation.

complainant must comply with certain notice and exhaustion requirements. In order to exhaust his administrative remedies, a complainant must first pursue his allegations by contacting an Equal Employment Opportunity (EEO) counselor at his agency within 45 days of the unlawful practice.[2] 29 C.F.R. § 1614.105(a)(1). Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005). "Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer." McAlister v. Secretary of Dept. of Health and Human Services, 900 F.2d 157, 158 (8th Cir.1990)(citing Morgan v. United States Postal Service, 798 F.2d 1162 (8th Cir.1986)).[3] Failure to exhaust such remedies is fatal to claims of federal employment discrimination. Id.

Exhaustion of administrative remedies is not a jurisdictional requirement. Zipes v. TWA, Inc., 455 U.S. 385, 393(1982). It is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The defendant has the burden of proving the affirmative defense of failure to exhaust administrative remedies. Ballard v. Rubin, 284 F.3d 957, 964 n.6 (8th Cir. 2002)(citation and quotations omitted). Any equitable tolling remedy for failing to comply with the exhaustion requirement should be reserved for circumstances that are truly beyond the control of the plaintiff. Coons, 410 F.3d at 1040. "The pertinent question is whether the employee had knowledge of his right not to be discriminated against or the means of obtaining

---

[2] A lawsuit under an ADEA claim may also be filed if a complainant should gives a thirty day notice of intent to sue to the EEOC within 180 days of the alleged unlawful practice. See 29 U.S.C. § 633a(d). Johnson did not satisfy this requirement.

[3] Exhaustion is required for claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005), the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (Id.), and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (Gardner v. Morris, 752 F.2d 1271, 1278 (8th Cir. 1985)).

such knowledge." Id. (internal quotation omitted).

Defendant Potter filed a statement of uncontroverted material facts with his summary judgment motion which asserts that Johnson failed to exhaust his administrative remedies as required by Title VII, the ADEA, and the Rehabilitation Act. That document also states that the Postal Service posts posters at all of its facilities which notify postal employees of their EEO rights. The statement of facts is supported by an affidavit from a Postal Service EEO ADR Specialist. Johnson has failed to file a response to Potter's motion. As a result, Potter's statement of undisputed facts is deemed admitted by Johnson. Eastern District of Missouri Local Rule 7-4.01(E); Reasonover v. St. Louis County, Mo., 447 F.3d 569, 579 (8th Cir. 2006). Because Johnson has been deemed to admit that he failed to exhaust his administrative claims and that he had notice of his EEO rights I will grant Potter's motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Potter's motion to dismiss and for summary judgment [#11] is **GRANTED**.

**IT IS FURTHER ORDERED that** any other pending motions in this case are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2007.